# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LABORERS' LOCAL UNION NOS. 472 & 172 AND LABORERS' LOCAL UNION NOS. 472 & 172 WELFARE AND PENSION FUNDS AND SAFETY, EDUCATION AND TRAINING FUNDS, et al.,<br><br>              Petitioners,<br><br>              v.<br><br>TRADEWINDS CONSTRUCTION INC. A/K/A LUCAS CONSTRUCTION GROUP, INC.,<br><br>              Respondent. | Civil Action No. 20-2265 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

       This matter comes before the Court upon Petitioners Laborers' Local Union Nos. 472 & 172 and Laborers' Local Union Nos. 472 & 172 Welfare and Pension Funds and Safety, Education and Training Funds, and Zazzali, Fagella, Nowak, Kleinbaum & Friedman, P.C.'s ("Petitioners") Petition to Confirm Arbitration Award ("Petition") (ECF No. 1) and Motion to Confirm Arbitration Award ("Motion") (ECF No. 2). Respondent Tradewinds Construction Inc. a/k/a Lucas Construction Group, Inc. ("Respondent") did not respond.

       The Court finds that the submissions in support of the Petition and Motion contain discrepancies with respect to the address of Respondent. The underlying January 30, 2020 Arbitration Award and Order provides that Respondent "failed to appear after due notice[.]" (Arbitration Award & Order, ECF No. 1 at *16.)[1] The Arbitration Award and Order does not, however, include any specific service information, including Respondent's address.

---

[1] The Court references the ECF page number located at the top of the document.

1

The signature page to the collective bargaining agreement provides that Respondent is located at 1 Hance Avenue, Tinton Falls, NJ 07724. (ECF No. 1 at *20.) The Certificate of Service filed in support of the Petition and Motion, however, states that Petitioners served the Petition and Motion upon Respondent at 2 Hance Avenue, Tinton Falls, NJ 07724, via certified and first-class mail. (ECF No. 2-1.) Petitioners' Motion does not account for the discrepancy between the addresses. Moreover, Petitioners did not include a legal brief in support of their Motion. Instead, Petitioners stated that "[a] brief is unnecessary in light of the simple facts of this case and the clear authority of this Court to confirm arbitration awards." (Pet. ¶ 6.)

Based on the foregoing, the Court finds good cause to deny Petitioners' Motion, without prejudice, pending submission of proof of service of the Petition and Motion upon Respondent. Accordingly,

**IT IS** on this 23rd day of October 2020, **ORDERED** that:

1. Petitioners' Motion to Confirm Arbitration Award (ECF No. 2) is **DENIED** without prejudice.

2. By **November 23, 2020**, Petitioners shall file a Certification that accounts for the discrepancies between Respondent's addresses. In addition, Petitioners shall attach proof of service of the Petition and Motion upon Respondent.[2]

3. Petitioners shall serve a copy of this Order upon Respondent by **November 2, 2020** and shall e-file proof of service.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Petitioners should attach a copy of the returned certified receipt card to their Certification.

2